[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11148

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY WHITMAN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00026-TKW-MJF-1

————————————

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Whitman challenges his 420-month total sentence for attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and commission of a felony involving a minor—*i.e.,* attempted production of child pornography—by a sexual offender, in violation of 18 U.S.C. § 2260A. He argues that his total sentence is substantively unreasonable.

We consider the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The weight given to each 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We will overturn a sentence as substantively unreasonable only if we are "left with the definite and firm conviction" that a clear error of judgment was made by the district court in weighing the § 3553(a) factors, and the resulting sentence is outside the range of reasonable sentences. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Although we do not presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th

Cir. 2008).  A sentence imposed well below the statutory maximum may indicate reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  In addition, the court must consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).

Here, Whitman's within-guideline-range total sentence for child sex crimes is substantively reasonable.  First, 420 months was on the low end of his guideline range, and a sentence within the guideline range is ordinarily expected be reasonable.  Moreover, the crime here is very serious—i.e. attempted production of child pornography involving a minor by a sex offender.  Second, 420 months was also well below the combined statutory maximum of 720 months.  *See* 18 U.S.C. § 2251(e), 2260A; *Gonzalez*, 550 F.3d at 1324.  Third, the district court was permitted to assign greater weight to the seriousness of Whitman's offense and the need to protect the public than to his history of being sexually abused and advanced age.  *Amedeo*, 487 F.3d at 832; 18 U.S.C. § 3553(a).

Accordingly, we affirm.

**AFFIRMED.**